FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
JUL 08 2026
GARY P. SERDAR
CLERK OF COURT
BY ______ DEPUTY CLERK

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| **United States District Court** | District of Utahing |
| Name *(under which you were convicted)*: Caile Edward Noble | Docket or Case No.: 2:22-cr-00491-TS |
| Place of Confinement: Federal Correctional Institution-Sandstone | Prisoner No.: 10278-081 |
| UNITED STATES OF AMERICA v. | Movant *(include name under which convicted)* Caile Edward Noble |

Case: 2:26-cv-00638
Assigned To : Stewart, Ted
Assign. Date : 7/8/2026
Description: Noble v USA

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
United States District Court for the District of Utah
For the District of Utah
Central Division
351 South West Temple
Salt Lake City, UT 84101

(b) Criminal docket or case number (if you know): 2:2-cr-00491-TS (Hon. Ted Stewart)

2. (a) Date of the judgment of conviction (if you know): July 2, 2025 (ECF No. 388)

(b) Date of sentencing: On or about July 1, 2025 (ECF 388)

3. Length of sentence: 240 months incarcerated; 60 months Supervised Release $200 sp. assess.

4. Nature of crime (all counts):
Count 1: Conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846
Count 2: Conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h)
(Counts 3-8 were dismissed on the Government's motion)

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
Movant pleaded guilty to Counts 1 & 2 of the indictment pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C) (ECF No. 338, filed 04-04-2025)
No count proceeded to a not-guilty disposition; the remaining counts (3-8) were dismissed on the Government's motion.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐
N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes [ ] No [X]

9. If you did appeal, answer the following: N/A

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised:

______

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [ ]

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised:

______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: N/A

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Assistance of Counsel in violation of the Sixth Amendment rendered the guilty plea involuntary and unknowing. Counsel affirmatively misadvised movant about a definite, material consequence of the plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant's federal counsel (Earl Xaiz and Ronald Yengich), acting jointly with state counsel (Lance E. Bastian), negotiated the federal and state cases as a single "global" resolution. On or about 11-20-2024, during a telephonic global-plea confrence (movant then held at a federal holding facility in Pahrump, NV), counsel advised movant that if he pleaded guilty federally, his contemporaneous Utah murder case would run concurrently, that he would "never see the inside of a state prison," and that he would be released at age 79-80; counsel told him the alternative was to "die in there." Relying on that advice, movant pleaded guilty to a 240-month federal term and surrendered valuable defenses (including challenges to the money-laundering theory and the drug-quantity attribution). The advice was false. The Utah murder plea carries an indeterminate term of fifteen years to LIFE, with release controlled by the Utah Board of Pardons and Parole, and the federal plea agreement itself states it "does not bind any other federal, state, or local" authority (ECF 338, ¶ 13, Page ID.1162). Counsel's affirmative misadvice about the central benefit of the bargain was deficient under controlling law creating a Hill and Lee violation; a rational defendant in movant's position would not have pleaded guilty once the global resolution proved illusory.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal was taken, and ineffective assistance claims are properly raised for the first time on collateral review. The plea agreement's collateral-review waiver expressly excepts claims of ineffective assistance of counsel (ECF 338, ¶d(2), PageID.1160).

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

N/A

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** The guilty plea was not knowing, voluntary, and intelligent, in violation of the Fifth Amendment, because it was induced by an unfulfilled and illusory inducement concerning the central consequences of the plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A guilty plea is valid only if entered knowingly, voluntarily, and intelligently, with awareness of its direct consequences. Movant entered his plea believing the global disposition secured concurrent service and freedom from state imprisonment, with release at age 79-80. That belief was false and was created by the representations of counsel in coordination with the plea negotiations. The benefit movant bargained for did not exist: the Utah murder term is fifteen years to LIFE, controlled by the Board of Pardons and Parole, and a state detainer reflecting that exposure was lodged on or about 09-28-2025. A plea induced by a material misapprehension going to the very benefit bargained for is neither knowing nor voluntary. To the extent discovery shows the federal prosecutor was party to a global promise that has gone unperformed.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal was taken; the factual predicate (the illusory nature of the global resolution) was not fully discoverably until the state detainer and sentence calculation were received on or about 09-28-2025, after the time to appeal had run. The claim is also intertwined with the ineffective assistance claim.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

**GROUND THREE:** (Preserved): Sentencing-stage errors specifically the drug-quantity attribution and the three-level aggravating-role adjustment under U.S.S.G. § 3B1.1(b) are stated to avoid waiver. They are not pressed as independent grounds because they are encompassed by Grounds One and Two.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In negotiating the 240-month stipulated sentence, counsel failed to preserve or pursue available challenges to the drug quantity attributed to movant and to the aggravating-role enhancement, defenses that would have materially affedted the sentencing exposure absent the (illusory) global benefit. These matters are advanced as part of the prejudice flowing from Grounds One and Two and are stated here solely to avoid any claim of waiver or default.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal was taken; the issue is subsumed within the ineffective-assistance and involuntary-plea claims reserved for §2255 review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [X]

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** None at this time. [Movant reserves the right to amend should additional grounds be identified upon production of counsel's file and the change-of-plea transcript.]

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

N/A

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

______

AO 243 (Rev. 09/17)

N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Earl Xaiz (CJA), 8160 S. Highland Dr., Suite A-4, Sandy, UT 84093

(b) At the arraignment and plea:

Earl Xaiz and Ronald Yengich, Same as 15(a)

(c) At the trial:

N/A

(d) At sentencing:

Earl Xaiz (CJA), Same as 15(a).

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

Movant is pro se in the §2255 motion.

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [X] No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [x] No [ ] (in substance)

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Movant is also subject to a separate Utah state judgement in State v. Noble (#231909725) Third Judicial District Court, Salt Lake County, State of Utah (Hon. Kara Pettit.

(b) Give the date the other sentence was imposed: 07-21-2025

(c) Give the length of the other sentence: Indeterminate term 15-Life (Murder, 1st Deg. felony) and 1-15 years (Agg. arson, 2nd Deg. felony, amended)

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [X] No [ ]

Movant intends to file a post-conviction petition under Utah Code § 78B-9-101 et seq. (Rule 65C) challenging state judgement. **Please Note: The release in the stae sentence is controlled by the Utah Board of Pardon and Parole and, despite the concurrent order, a detainer was lodged.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely. The Judgement was entered July 2, 2025 (ECF 388). No direct appeal was filed, so the conviction became final approcimately 14 days later, on or about July 16, 2025 (Fed. R. App. P. 4(b)). This motion is therefore filed within the one-year period of 28 U.S.C. § 2255(f)(1). In the alternative, this motion is timely under § 2255(f)(4): the factual predicate that the promised concurrent, no-state-prison, release-at-79 could not have been discovered through due dilligence until on or about 09-28-2025, when Utah lodged a detainer and movant received the 15-years-to-life calculation. The motion is filed within one year of that date. This movant's first § 2255 motion and is not second or successive under § 2255(h).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

United States of America

v.

Caile Edward Noble

28 U.S.C. § 2255 Continuation Page, from p. 13 "Request for Relief":

Movant respectfully requests that the Court:

1. Order the United States to respond to this motion;

2. Appoint counsel under Rule 8(c) of the Rules Governing § 2255 Proceedings and conduct an evidentiary hearing under 28 U.S.C. § 2255(b), the off-the-record promises alleged not being conclusively refuted by the record (Blackledge v. Allison, 431 U.S. 63 (1977));

3. Order production of all counsel's files and the federal change-of-plea transcript;

4. Vacate the conviction and sentence and permit movant to withdraw his guilty plea; and

5. Grant such other and further relief as is just.

Remainder of Page Left Intentionally Blank

Therefore, movant asks that the Court grant the following relief:

**Please See Continuation Page**

or any other relief to which movant may be entitled.

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on June 29-2026.
(month, date, year)

Executed (signed) on June 26, 2026 (date)

Caile E Noble

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.