# Exhibit B

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

CENTRAL DIVISION

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) Case No. 2:22-CR-491-TS
CAILE EDWARD NOBLE, )
Defendant. )
_________________________________)

BEFORE THE HONORABLE TED STEWART

---------------------------------

July 1, 2025

Sentencing

REPORTED BY: Patti Walker, CSR, RPR, CP 385-215-5889
351 South West Temple, #8.431, Salt Lake City, Utah 84101

A P P E A R A N C E S

For Plaintiff:

Seth Nielsen
U.S. ATTORNEY'S OFFICE
111 South Main Street
Suite 1800
Salt Lake City, Utah 84111

For Defendant:

Earl G. Xaiz
YENGICH & XAIZ
8160 South Highland Drive
Suite A-4
Sandy, Utah 84093

SALT LAKE CITY, UTAH; TUESDAY, JULY 1, 2025; 9:30 A.M.

PROCEEDINGS

THE COURT: Good morning. We are here in the case of the United States of America vs. Caile Noble. This is case 22-CR-491. Representing the United States, we have Mr. Seth Nielsen. On behalf of the defendant, Mr. Earl Xaiz.

We are here to deal with any factual disputes or legal issues that may arise out of the presentence report and then the imposition of the sentence.

Mr. Nielsen, did you receive a copy of that presentence report?

MR. NIELSEN: Yes, Your Honor.

THE COURT: Did you as well, Mr. Xaiz?

MR. XAIZ: I did, Your Honor.

THE COURT: Did you have a chance to review and discuss it with Mr. Noble?

MR. XAIZ: I have reviewed the report in detail with Mr. Noble, Your Honor.

THE COURT: Mr. Noble, do you believe that you had a sufficient amount of time to discuss the presentence report with Mr. Xaiz?

MR. NOBLE: I do, Your Honor. Thank you.

THE COURT: The presentence report will be made a part of the record. The clerk is ordered to place the

report under seal. If an appeal is taken, counsel on appeal will be permitted access to all parts of the report, except for the probation officer's rationale.

Counsel, the Court would note that the presentence report does reflect an offense level of 38. Mr. Noble has a criminal history category of Roman numeral II, which results in a guideline range of 262 to 327 months.

Do either of you dispute those calculations?

MR. NIELSEN: I do not, Your Honor.

MR. XAIZ: And I do not, Your Honor.

THE COURT: All right.

The Court would note, counsel, that you have agreed to an 11(c)(1)(C) plea in this instance, which calls for a sentence of 240 months. In regards to that agreement, the Court will rule as follows.

The Court has reviewed the sentence proposed by the parties pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C) as contained in the plea agreement, and has considered the advisory guideline range called for by the Sentencing Guidelines. The Court finds that the sentence called for by the parties' agreement does represent a reasonable and fair resolution of this case given the unique nature of the case and the totality of the circumstances pursuant to the sentencing directives set forth by Congress in 18 U.S. Code Section 3553(a).

Therefore, the Court formally accepts the defendant's plea of guilty, which was previously accepted only provisionally, and hereby adjudges him guilty of the offense pleaded to. Pursuant to Rule 11(c)(4), the Court further accepts the plea agreement and agrees to be bound thereto under Rule 11(c)(1)(C), and the sentence imposed by the Court will embody that agreement.

The Court is going to order also as follows. Pursuant to 21 U.S. Code Section 853 and 18 U.S. Code Section 982(a)(1), the Court finds that the defendant has forfeited all of his right to all title and interest in those properties described in the plea agreement, specifically $4,080 in U.S. currency seized from Debbie Shields, $7,700 in U.S. currency seized from Caile Noble, $11,873 in U.S. currency seized from Neil Reedy, $7,004 in U.S. currency seized from Debbie Shields, $1,000 in U.S. currency seized from Caile Noble, property located at 6513 South Redwood Road in Taylorsville, Utah, a money judgment equal to the value of any property not available for forfeiture, and substitute property as allowed in 21 U.S. Code Section 853(p).

Mr. Xaiz, do you have anything you would like to say on behalf of Mr. Noble at this time?

MR. XAIZ: Your Honor, if I may.

Just in light of Your Honor's ruling, the only thing that I would ask for at this point in time is that Your Honor

recommend to the Bureau of Prisons that Mr. Noble be incarcerated in the FCI Stafford in Arizona, and that he be eligible -- or recommend that he be eligible for participation in RDAP at that location.

THE COURT: Is that location for family visitation?

MR. XAIZ: Both that and the --

THE COURT: And the availability of RDAP?

MR. XAIZ: Yes.

THE COURT: The Court will make that recommendation in the judgment.

MR. XAIZ: Thank you, Your Honor. And that is all I have.

THE COURT: All right. Thanks, Mr. Xaiz.
Mr. Noble, do you have anything you would like to say at this point?

MR. NOBLE: Yes, Your Honor, I would.
First of all, I would like to bring to the Court's attention that I was clean and sober and my life was going so well, and everything I touched just seemed to turn to gold, like I mentioned. And I started using again and then everything just went -- to end up here and to be in front of you at my age, Your Honor, I just want to say that I'm truly sorry, and I am sincerely ashamed for even being here. But I'm looking forward to getting this behind me. And I appreciate

today's sentence and your time -- your patience and time. Thank you, Your Honor.

THE COURT: Thank you, Mr. Noble. Mr. Nielsen, anything?

MR. NIELSEN: It feels a bit anti-climatic to have gotten to this point in this case, but not in particular because the parties have reached an agreement. I think a lifetime of behavior and the conduct that's in the instant case is in the defendant's sentence. I think 20 years is an incredibly long time, but as the Court is well aware, after reviewing everything, it's very well earned with what he's done.

So unless the Court has a question about anything, which I don't anticipate, the only thing I would add is I'd, at the appropriate time, move to dismiss Counts 3 through 8, as they pertain to the defendant.

THE COURT: And the Court will grant that motion.

MR. NIELSEN: Thank you, Your Honor.

THE COURT: Counsel, again, the Court has considered the 3553 factors and the fact that Mr. Noble was a leader of a very significant drug trafficking organization. It affected the lives of many people in a very, very negative way. As Mr. Noble just indicated, there was a period in his life when he was clean and productive. For whatever reason, he reverted to a life of crime.

He's 67 years old. My hope, Mr. Noble, is that you will survive your period of incarceration. I hope that you will, in fact, be given the opportunity to participate in RDAP. And that when you are released, that you will be able to live your remaining years in a productive way.

MR. NOBLE: Thank you, Your Honor.

THE COURT: That being said, the Court will impose the sentence, believing it to be a reasonable sentence.

It is the judgment of the Court that the defendant, Caile Edward Noble, is placed in the custody of the Federal Bureau of Prisons for a period of 240 months. Upon his release, the defendant will be placed on supervised release for five years. Within 72 hours of his release from custody of the Bureau of Prisons, he is to report in person to the probation office in the district to which he is released.

The Court orders that he submit to one drug test within 15 days of his placement on supervision, and at least two periodic drug tests thereafter, as directed by the probation officer, in addition to any other testing requirements ordered by the Court.

The Court further orders that he submit to the collection of a DNA sample, if requested by either of the Bureau of Prisons or the probation office.

The defendant shall not commit any federal, state, or local crime, and, as a convicted felon, shall be prohibited from

possessing a firearm or ammunition. In addition, the defendant shall not illegally possess a controlled substance.

Mr. Xaiz, have you had the opportunity to review with Mr. Noble the standard and mandatory conditions of supervision?

MR. XAIZ: I have, Your Honor.

THE COURT: Mr. Noble, you understand that you will be subject to those standard and mandatory conditions?

MR. NOBLE: Yes, Your Honor, I do.

THE COURT: In addition, the Court will impose the following special conditions.

First, you must submit to drug or alcohol testing, under a co-payment plan, up to six tests per month, as directed by the probation office.

Second, you shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing, which is required as a condition of supervision.

Third, you shall not use, possess, or ingest products containing THC or CBD, in any form, unless they are approved by the Food and Drug Administration and obtained from a pharmacy by a prescription from a licensed medical professional. For purposes of this condition, an authorization for THC or CBD issued under the law of any

state is not valid. A state issued marijuana medical card is not a prescription, and a THC, CBD dispensary is not a pharmacy. You are not allowed under any circumstance to market any product containing THC or CBD.

Four, you must participate in and successfully complete a substance abuse evaluation and/or treatment, under a co-payment plan, as directed by the probation office. During the course of such treatment, you must not possess or consume alcohol or frequent businesses where alcohol is the chief item of order.

And fifth, you must submit your person, property, house, residence, office, vehicle, papers, computer, and other electronic communications or data storage devices, or media, to a search conducted by the probation office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You must warn any other residents that the premises may be subject to searches pursuant to this condition.

No fine will be imposed, but the defendant is ordered to pay a special assessment fee in the amount of $200, which shall be due immediately.

Counsel, do either of you wish to make a legal objection to the sentence you just heard?

MR. NIELSEN: No. Thank you, Your Honor.

MR. XAIZ: No, Your Honor.

THE COURT: The Court orders that the sentence be imposed as stated.

Mr. Noble, the Court would remind you that when you entered into your plea of guilty, you did waive your right to appeal except in very narrow circumstances. It is always possible that there may be in your conviction, which was the entry of the guilty plea, or in the sentence you just heard imposed something that you may believe is not covered by that waiver and therefore you have a right to appeal. Should that be the case, you do need to understand that, with very few exceptions, any notice of an appeal must be filed within 14 days of judgment being entered in this case.

If you cannot afford an attorney to pursue that appeal, the Court will appoint an attorney for you, and the Court will provide to that attorney the transcript from this proceeding required for the appeal. If you cannot afford the cost of an appeal, you may apply for leave to appeal in forma pauperis. Mr. Xaiz can explain to you what that means. And if you request, the clerk of the court will prepare and file a notice of appeal on your behalf.

The defendant is remanded to the custody of the U.S. Marshal.

Is there anything else?

MR. NIELSEN: Not from me, Your Honor. Thank you.

THE COURT: Mr. Xaiz?

MR. XAIZ: Just one matter.

THE COURT: Yes.

MR. XAIZ: As the Court is aware, there has been a state case pending during the pendency of this case. Maybe it's paranoia on my part, but I want the record to reflect that during the entire pendency of this case, Mr. Noble has been in federal custody and has never been in state custody. That would be my request. Thank you.

THE COURT: The record should reflect that, and I hope the Bureau of Prisons will take note of it as well.

MR. XAIZ: Thank you, Judge.

THE COURT: Thank you. We will be in recess.

(Whereupon, the hearing concluded at 9:50 a.m.)

C E R T I F I C A T E

I hereby certify that the foregoing matter is transcribed from the stenographic notes taken by me and is a true and accurate transcription of the same.

PATTI WALKER, CSR-RPR-CP DATED: October 16, 2026

Official Court Reporter
351 South West Temple, #8.431
Salt Lake City, Utah 84101
385-215-5889